U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 27 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| BOBBY LEDBETTER AND <br> LANA LEDBETTER <br><br> VS. <br><br> CARGOTEC USA, INC. F/K/A <br> CARGOTEC, INC., MOFFETT <br> ENGINEERING, LTD. AKA CARGOTEC <br> IRELAND, HIAB, INC., CARGOTEC <br> HOLDING, INC. AND CARGOTEC OYJ | § <br> § <br> § <br> § <br> § CASE NO. 14-5265 PKH <br> § <br> § <br> § <br> § <br> § |

### COMPLAINT

Plaintiffs, BOBBY LEDBETTER AND LANA LEDBETTER, file this their Original Complaint against the Defendants CARGOTEC USA INC. f/k/a CARGOTEC, INC., MOFFETT ENGINEERING, LTD. aka CARGOTEC IRELAND, HIAB, INC., CARGOTEC HOLDING, INC. and CARGOTEC OYJ, state:

1.  Plaintiffs, Bobby Ledbetter and Lana Ledbetter, are individuals and citizens and residents of Benton County, Arkansas.

2.  Defendant, Cargotec USA, Inc. is a foreign corporation, incorporated in the state of Delaware and with a principal place of business at 12233 Williams Road, Perrysburg, Ohio 43551. This Defendant has designated as its agent for service of process in the state of Ohio, The Corporation Trust Company, whose address is Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Either of these agents may be served in their respective states to perfect service. The Defendant has not designated a registered

agent for service of process in the State of Arkansas therefore is deemed to have appointed the Secretary of State of Arkansas as its agent for service. Further, it may be served by certified mail, return receipt requested to its secretary at 12233 Williams Road, Perrysburg, Ohio 43551. At all times relevant herein, Defendant, Cargotec USA, Inc. was engaged in the business of designing, manufacturing, constructing, and assembling forklifts. It has marketed, distributed, and sold these forklifts throughout the United States, including the state of Arkansas and continues to do so.

3. At all times relevant hereto, the Defendant, Cargotec USA, Inc. may have been using and/or doing business in the name of Hiab, Inc.; Cargotec, Inc.; Cargotec U.S. Sales, Inc.; Cargotec Holding, Inc.; and Cargotec OYJ.

4. Defendant, Cargotec USA, Inc. is subject to suit in Arkansas because it made a contract with a resident of this state to be performed in whole or in part in this State, and/or committed a tort in whole or in part in this State against a resident of this State and/or did business in Arkansas.

5. The Defendant, Moffett Engineering, Ltd. aka Cargotec Ireland; ("Moffett"), is an Irish corporation with its principal place of business located at Ardee Road, Dundalk, Co. Louth, Ireland hereinafter referred to as "Moffett". At all times relevant herein, Moffett was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling forklifts throughout the United States, including the state of Arkansas.

6. Defendant, Moffett is subject to personal jurisdiction in the State of Arkansas pursuant to Arkansas's long-arm statute. Although Defendant, Moffett is not authorized to do business in Arkansas and has failed to appoint an agent within Arkansas for service of process, Defendant, Moffett Engineering, Ltd. is subject to suit in Arkansas because it made a contract with a resident of this state to be performed in whole or in part in this State, and/or committed a tort in whole or in part in this State against a resident of this State and/or did business in Arkansas, and its products are bought, sold and used in the State of Arkansas, which is also the second largest poultry state in the USA. Defendant's products are used extensively in the poultry industry throughout the USA and Defendant has actual knowledge of this fact. 7. The United States and Ireland are both parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, TIAS No. 10072 (U.S. Treaties and other International Acts) and 20 UST 361 (U.S. Treaties and other International Agreements). Service in accordance with this International Treaty is the appropriate method of service of process herein and Moffett will be served pursuant to the requirements of the Hague Convention.

8. Defendant, Hiab, Inc. is subject to suit in Arkansas because it made a contract with a resident of this state to be performed in whole or in part in this State, and/or committed a tort in whole or in part in this State against a resident of this State and/or did business in Arkansas. Defendant is incorporated in Ohio with its principal place of business in

Perrysburg, Ohio. The Defendant has not designated a registered agent for service of process in the State of Arkansas it is deemed to have appointed the Secretary of State of Arkansas as its agent for service of process. It can also be served by sending the process to its secretary by certified mail, return receipt requested at 12233 Williams Road, Perrysburg, Ohio 43551. This Defendant has designated as its agent for service of process in the state of Ohio, Norman D. Zeiter, whose address is 407 Broadway, Swanton, Ohio 43558. Mr. Zeiter may also be served to perfect service on this defendant. At all times relevant herein, Defendant, Hiab, Inc. was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling forklifts throughout the United States, including the state of Arkansas.

9. Defendant, Cargotec Holding, Inc. is subject to suit in Arkansas because it made a contract with a resident of this state to be performed in whole or in part in this State, and/or committed a tort in whole or in part in this State against a resident of this State and/or did business in Arkansas. The Defendant has not designated a registered agent for service of process in the state of Arkansas therefore it is deemed to have appointed the Secretary of State of Arkansas as its agent for service of process. Defendant was incorporated in the state of Kansas and its principal place of business is in Ottawa, KS. This Defendant has designated as its agent for service of process in the state of Kansas, The Corporation Company, Inc., 112 SW 7th Street Suite 3c, Topeka, KS 66603.

Therefore that agent may be served in Kansas. At all times relevant herein, Defendant, Cargotec Holding, Inc. was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling forklifts throughout the United States, including the state of Arkansas.

10. Defendant, Cargotec OYJ is subject to suit in Arkansas because it made a contract with a resident of this state to be performed in whole or in part in this State, and/or committed a tort in whole or in part in this State against a resident of this State and/or did business in Arkansas. Cargotec OYJ is a Finnish corporation with its principal place of business in Helsinki, Finland. The Defendant has not designated a registered agent for service of process in the state of Arkansas therefore is deemed to have appointed the Secretary of State of Arkansas as its agent for service of process. At all times relevant herein, Defendant, Cargotec OYJ was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling forklifts throughout the United States, including the state of Arkansas.

11. If service of process through the Secretary of State is not proper, the United States and Finland are both parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, TIAS No. 10072 (U.S. Treaties and other International Acts) and 20 UST 361 )(U.S. Treaties and other International Agreements). Service in accordance with this International Treaty is the appropriate method of service of process herein and Cargotec OYC will be served

pursuant to the requirements of the Hague Convention.

12. This is a products liability and negligence action in which the Plaintiff, Bobby Ledbetter was injured by a Moffett forklift in Benton County, Arkansas. The injury was caused because the forklift was a defective and unreasonably dangerous product which was designed, manufactured, distributed, supplied and sold by one, several, or all of the named Defendants.

### JURISDICTION AND VENUE

13. The incidents and injuries which are the basis of this suit occurred in Benton County, Arkansas, and the Plaintiffs is a are residents of Benton County Arkansas and jurisdiction is proper under federal diversity jurisdiction, 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00. Venue is proper in this Court.

### FACTS

14. Plaintiff, Bobby Ledbetter was injured when a Moffett forklift designed, manufactured, supplied and marketed by the Defendants collided with him. The design of the lift places an operator to the side of the lift and severely restricts an operator's view to one side of the lift. Plaintiff was on the side of the lift that had restricted view and was struck and severely injured because the driver could not see him.

15. As a proximate result of the incident on February 18, 2009, Bobby Ledbetter suffered injuries to his left foot, leg, hip and back, ongoing pain and suffering, and mental anguish.

## CLAIMS FOR RELIEF

### STRICT LIABILITY IN TORT

16. Plaintiffs incorporate by reference all previous and subsequent paragraphs of this Complaint.

17. Defendants were, at all times relevant hereto, engaged in the business of manufacturing, assembling, selling, distributing or otherwise supplying the Moffett forklift and supplied and serviced the forklift used around Plaintiff in a defective condition that rendered it unreasonably dangerous for its foreseeable and intended use.

18. The product supplied by the Defendants gave the driver an inadequate view which made it an unreasonably dangerous and defective product. Further, it was defectively and inappropriately packaged and labeled, and contained inadequate warnings, as said packaging and labeling omitted to advise that the product lacked effective shut-off mechanisms and safeguards and failed to advise that the forklift could function in such a manner as to cause severe injuries. Defendants failed to implement readily available technology RFID Identification which would shut down the forklift in question when in the vicinity of other workers or radar or other readily available technologies which would shut down the forklift and would prevent impact to persons working around the forklift in question all of which make the lift a defective and unreasonably dangerous product..

19. The Forklift defendants are strictly liable for personal injuries or property damage

7

caused by, or resulting from, the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging, supplying or labeling of the Defendants' forklift as the product is defective and unreasonably dangerous to persons to an extent beyond that which would be contemplated by the ordinary and reasonable buyer, consumer, or user, who acquires or uses the product. This is true assuming the ordinary knowledge of the community or of similar buyers, users, or consumers as to its characteristics, propensities, risks, dangers, and proper and improper usage, as well as any special knowledge, training, or experience possessed by the particular buyer, user, or consumer or which he or she was required to possess.

20. The defective conditions of the Moffett Defendants' forklift were the direct and proximate cause of Plaintiff's damages in excess of $75,000, exclusive of interest and costs. Plaintiff sues for personal injuries including expenses for medical care, future medical expenses; diminishment in his ability to use his body in performing the functions of his day to day life; loss of enjoyment and quality of life; past, present, and future physical and emotional pain and suffering; disfigurement; lost income; loss of future income; loss of earning capacity and loss of opportunities. Plaintiff seeks total damages exceeding $5,000,000.00, or in an amount in the discretion of the jury. As a proximate result of Defendants' supplying the defective forklift resulting in permanent and disabling injuries to Plaintiff, his wife, Lana Ledbetter has suffered loss of consortium, comfort,

society and household services important and vital to a marital relationship. Plaintiff Lana Ledbetter seeks actual damages of $500,000.00, or in amount in the discretion of the jury.

### NEGLIGENCE

21. Plaintiffs incorporate by reference all previous and subsequent paragraphs of this Complaint.

22. The forklift Defendants were negligent in that they designed and or manufactured the forklift with an inadequate view for the operator, no effective shut-off mechanisms and safeguards, and did not warn of dangers. Plaintiffs incorporate previous paragraphs including paragraph 19 into this paragraph. In the alternative the forklift contained defective components, and or it had been negligently serviced and maintained by the Defendants.

23. As a direct and proximate result of Defendants, negligence, Plaintiffs have incurred damages in excess of $75,000, exclusive of interest and costs.

WHEREFORE, the Plaintiffs, Bobby Ledbetter and Lana Ledbetter pray for a judgment against all Defendants for all Plaintiffs' actual damages, in excess of that required for diversity jurisdiction in federal courts, for their costs and attorneys' fees, and for all other proper relief to which they may be justly entitled.

JURY TRIAL REQUESTED

Respectfully Submitted,
Bobby Ledbetter and Lana Ledbetter
Plaintiffs by

_____
James G. Lingle
AR# 76070
Lingle Law Firm
110 S. Dixieland Road
Rogers, AR 72758
(479) 636-7899
(479) 636-4941 fax
email- jim@linglelaw.com
and
John S. Morgan
TBA#14447475
Morgan Law Firm
2175 North Street, Suite 101
Beaumont, Texas 77701
(409) 239-5984
(409) 835-2757 facsimile
email- jmorgan@jsmorganlaw.com
Motion for Admission Pro Hac Vice pending